UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-375-H

RALPH D. PITTLE, et al.,                                                                 PLAINTIFFS

V.

DANIEL McGLYNN, et al.,                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ralph D. Pittle, alleges he entered into an agreement with Daniel McGlynn, Christopher D. Glisson, The Law Firm of McGlynn, Glisson & Koch, and The Law Firm of McGlynn, Glisson & Mouton ("Defendants") to provide information and expertise in Reglan or generic metoclopramide litigation in exchange for a percentage of attorney's fees from such litigation. Plaintiff alleges Defendants breached the contract by recovering attorney's fees and not paying him his percentage. Plaintiff also alleges negligent misrepresentation and conversion. Defendants have moved for dismissal on the grounds that the Court lacks personal jurisdiction over them and that venue is improper. The Court will examine whether it has personal jurisdiction over Defendants and then determine whether venue is proper.

I.

Since Kentucky's long-arm statute has been interpreted to grant personal jurisdiction to the full extent allowed by the Constitution, the Court may exercise personal jurisdiction over a defendant where the due process requirements are met. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002). Personal jurisdiction may be either specific or general, depending on the defendant's contacts with the

forum state. *Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.* 503 F.3d 544, 549 (6th Cir. 2007).

General jurisdiction requires that "a defendant's contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville, v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437 (1952)). Here Plaintiff has not demonstrated that Defendants have continuous and systematic contacts with Kentucky.

Specific jurisdiction on the other hand exists, "where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). Plaintiff's claims in this case are for breach of contract, negligent misrepresentation, and conversion. First of all, Plaintiff has not alleged any actions by defendant Glisson arising from or related to the claims in the case. Thus the Court cannot exercise personal jurisdiction over Glisson. Plaintiff alleges that defendant McGlynn, as well as the law firm defendants, prosecuted three Reglan cases in the Western District covered by the agreement.

The Sixth Circuit has established a three-prong test for determining whether a court may exercise specific personal jurisdiction over a defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  Plaintiff has not alleged that Defendants breached the alleged agreement with regard to these cases or that he is owed money from the three Kentucky actions.  It appears that if any breach of contract, negligent misrepresentation, or conversion occurred it happened in some other state.  Simply put, Plaintiff's causes of action do not arise from Defendants activities within Kentucky.

II.

Even if the Court could exercise personal jurisdiction over Defendants, venue must still be proper.  In a diversity action, venue is proper in, "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C.A. § 1391(a).  Here, no defendant resides in the Western District of Kentucky and there is at least one judicial district where venue would otherwise be proper, the Middle District of Louisiana, where all the defendants reside.  Thus venue in the Western District of Kentucky would only be proper if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C.A. § 1391(a)(2).  No part of the events or omissions giving rise to the claim occurred within the Western District of Kentucky.  Similarly, no property that is the subject of the action is situated in the Western District of Kentucky.  While Defendants may have litigated cases in the Western District covered by the alleged fee sharing agreement, these cases are not the subject of Plaintiff's claims.  There is no allegation in the

complaint that the defendants recovered attorney's fees in the Western District and failed to provide a percentage to Plaintiff.  Therefore, the Western District of Kentucky is not a proper venue for Plaintiff's suit.

Where the Court lacks jurisdiction it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631.  Section 1631 includes cases where the Court lacks personal jurisdiction.  *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003).  Here, it would be in the interest of justice to transfer the case to the Middle District of Louisiana, where Defendants reside, where the alleged contract may have been formed, and where the decisions to split fees or not were likely made.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED, and the Court will transfer Plaintiff's action to the Middle District of Louisiana.

This is a final order.

August 6, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:     Counsel of Record