## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

RALPH D. PITTLE, ET AL

VERSUS

DANIEL MCGLYNN, ET AL

CIVIL ACTION

NO. 09-620-JJB-SCR

### RULING ON MOTION TO DISMISS

This matter is before the Court on Defendants' motion to dismiss. (Doc. 50.)  Plaintiffs filed an opposition. (Doc. 55.)  Defendants filed a reply. (Doc. 56.) Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or alternatively, to dismiss Plaintiffs' claims for punitive damages as not being recognizable under Louisiana law.  Federal jurisdiction is based on 28 U.S.C. § 1332.  Oral argument is not necessary.  For the following reasons, Defendants' motion (doc. 50) is DENIED in part, and GRANTED in part.

### Factual Background

Plaintiffs, Ralph D. Pittle and Medical Consultants of Washington, PLSC, allege that in 2007 they entered into a joint venture agreement with Defendants, Daniel J. McGlynn and McGlynn & Glisson, APLC.  Pursuant to the agreement, Plaintiffs associated with and provided Defendants w ith information gathered from past litigation of personal injury suits against drug companies that manufactured the drug Reglan metoclopramide ("Reglan").  In exchange, Defendants would pay Plaintiffs one million dollars ($1,000,000), paid with

twenty-five percent (25%) of Defendants' net attorney's fees earned in all future Reglan lawsuits.  In August 2009, Plaintiffs filed this suit seeking recovery of fees based upon the agreement.

## Law and Analysis

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true.  *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995).  Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense."  *Id.* at 1949-50.  Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief.  *Id.* at 1950.

## A. Contract Agreement Claim

Defendants argue that Plaintiffs are attempting to enforce an invalid fee sharing agreement.   Under Louisiana law, the division of a legal fee between lawyers whom are not in the same firm is governed by the Louisiana Code of Professional Conduct Rule 1.5(e) (2006).   However, in a situation where an attorney associates, employs, or procures the employment of another attorney to assist him in handling a case involving a contingency fee, the agreement regarding division of the fee is a joint venture, which gives the parties the right to participate in the fund resulting from the payment of the fee by the client.   *See Scurto v. Siegrist*, 598 So. 2d 507, 509 (1992) (finding that an agreement for one attorney to assist another attorney in handling a personal injury action is such a situation).   Thus, the suit by an attorney to recover pursuant to that agreement is a suit to recover damages for breach of an agreement, rather than a suit for recovery of attorney's fees.   *Id.* at 509-10.   When attorneys enter into an agreement regarding the division of the fee, the Rules of Professional Conduct do not prohibit enforcement of that agreement.   *Id.*   Because Plaintiffs' claims do not require a sharing of attorney's fees, Plaintiffs' claims are not barred by Rule 1.5(e).[1]

The issue before the Court is an alleged breach of contract giving Plaintiffs the right to participate in funds resulting from the payment of fees by Defendants'

---

[1] Defendants unsuccessfully rely on *Moroux v. Toce*, 943 So. 2d 1263 (La. Ct. App. 3rd Cir. 2006) and *Dukes v. Matheny*, 878 So. 2d 517 (La. Ct. App. 1st Cir. 2004), cases which involved the sharing of attorney's fees rather than a contract dispute. *See Dukes*, 878 So. 2d at 521 (finding that *Scurto* applies where one attorney procures the employment of another attorney to assist him in a case).

clients.  Defendants allegedly entered into an agreement with Plaintiffs to procure documents and information gained from previous Reglan cases.  The agreement involved a base fee, to be paid from Defendants' attorney's fees earned from future Reglan cases.  As Defendants correctly contend, Plaintiffs did not enter into any contracts with Defendants' clients, nor did they enter into a fee sharing agreement over Defendants' cases.  Thus, this dispute is not one over a sharing of attorney's fees, but instead is a contract dispute regarding an alleged breach by Defendants.  *See Fox v. Heisler*, 874 So. 2d 932, 934, 939 (La. Ct. App. 4th Cir. 2004) (finding a contract dispute, rather than a fee sharing issue, where one attorney advanced costs to the other attorney, but performed no work on the case).

Defendants argue that because Plaintiffs did not render any meaningful legal work for Defendants' Reglan clients, Plaintiffs are not entitled to any award of attorney's fees.  The Court finds, however, that the evidence, depositions, medical articles, internal corporate memos, and other documents--all compiled and/or authored by Plaintiffs--constituted the "work" that Defendants requested in regards to the parties' agreement.  Whether Defendants actually used this information in cases is not a matter before the Court today.  Furthermore, the agreement between Plaintiffs and Defendants was one between two professionals and the Court will not, in this instance, assume the position of dictating to attorneys exactly how much work they need perform to entitle them to a certain fee.  *See Scurto*, 598 So. 2d at 510.

4

Furthermore, the Court finds, and Defendants acknowledge,[2] that Plaintiffs' claim is a cause of action for breach of contract and punitive damages for intentional conversion of Plaintiffs' property and/or fraudulent and deceitful behavior.  These allegations are clear enough to give Defendants fair notice of Plaintiffs' claims.  *See* Fed. R. Civ. P. 8(a).  Thus, Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' claims over the contract agreement is denied.

## B. Fraud Claim

Defendants also seek to dismiss Plaintiffs' fraud claims.[3]  Rule 9(b) of the Federal Rules of Civil Procedure provides that when alleging fraud, the party making the allegation must state with particularity the circumstances that constitute fraud.  To establish fraud, a contracting party must prove intent to defraud/gain an unfair advantage and actual loss or damage, or a strong possibility thereof.  *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 719 (E.D. La. 2009) (citing *Golden Rule Ins. Co. v. Strauss*, 110 F.3d 793, at *3 (5th Cir. 1997)).  Additionally, the plaintiff must specify the statements he contends are fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements are fraudulent.  *Id.* at 720.  Further, there is generally no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed.  *Id.*

---

[2] Def.'s Mem. Supp. 2 (doc. 50).
[3] Def.'s Reply 9-10 (doc. 56).

Plaintiffs fail to assert a single fact showing that Defendants entered into the agreement intending not to perform it.  *See id.* at 719 (finding that fraud cannot be based on mere speculation and conclusory allegations).  Instead, Plaintiffs merely make a general assertion that Defendants entered into the agreement without an intention to fulfill their role.  Thus, Plaintiffs' allegations fail to set forth a factual basis that fulfills the requirements to establish fraud.  *See U.S. ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 385 (5th Cir. 2003) (finding that an inference of fraud, unsupported by a factual basis, is insufficient to explain why statements made by the defendant were fraudulent).

Also, Plaintiffs' allegation of fraudulent intent not to perform cannot be inferred from the mere fact that a promise made is subsequently not performed.  *See Pinero*, 594 F. Supp. 2d at 720.   Here, Plaintiffs allege merely that Defendants' nonperformance occurred two years after Defendants promised to pay.  This fact alone, however, does not allow the Court to infer that Defendants entered into the promise without any intention of fulfilling it.  *See id.* (finding that nonperformance of a contract occurring two years after agreement is insufficient to fulfill allegations of fraud without other support).  Plaintiffs' bare assertion that Defendants' statements were misleading because Defendants failed to perform is insufficient to establish how Defendants' statements were fraudulent.  *Id.*  Thus, Plaintiffs' allegation of fraud fails to state a cognizable claim upon which relief can be granted, and is dismissed pursuant to Rule 12(b)(6).

### C. Punitive Damages Claim

Defendants argue that Louisiana law does not provide for the award of punitive damages in this action.  In Louisiana punitive damages are not allowed except where a statute expressly authorizes them.  *See Killbrew v. Abbot Laboratories*, 359 So. 2d 1275, 1278 (La. 1978).  Plaintiffs fail to cite any statute in either their amended complaint or their memorandum in opposition that provides for such damages, nor do they provide controlling case law. Accordingly, Plaintiffs' claim for punitive damages is dismissed.

### Conclusion

The Court finds that Plaintiffs properly state a claim regarding Defendants' alleged breach of contract.  The Court further finds that Plaintiffs fail to fulfill all requirements to properly state a claim of fraud against Defendants.  Finally, the Court finds that Plaintiffs' cannot recover punitive damages because they have not identified an authorizing statute.

Thus, Defendants' motion to dismiss (doc. 50) is DENIED in part, as it relates to Plaintiffs' contract claims, and GRANTED in part, as it relates to Plaintiff's fraud and punitive damages claims.

Signed in Baton Rouge, Louisiana, this 10th day of August 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA