UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RALPH D. PITTLE, ET AL           CIVIL ACTION

VERSUS

          NO. 09-620-JJB-SCR

DANIEL MCGLYNN., ET AL

## RULING ON MOTION TO ALTER AND/OR AMEND JUDGMENT

This matter is before the Court on a motion to alter and/or amend (doc. 124) its ruling on the parties' cross-Motions for Summary Judgment (doc. 118). Defendants contend the court erred (1) by finding the parties entered into a contract of sale, not joint venture and (2) that such a joint venture was impermissible and therefore unenforceable under the Louisiana Rules of Professional Conduct. (Doc. 124). In opposition, Plaintiffs counter that this motion is untimely, that defendants cannot base their motion on new evidence, that the Court did not err in finding the transaction to be one of sale rather than joint venture, and that the sale did not violate state ethics rules. (Doc. 136). Defendants replied to the contrary. (Doc. 139). After carefully reviewing the briefs as well as the Court's prior rulings in this matter, the motion to alter and/or amend is DENIED.

As an initial matter, the Court notes that this motion is really a motion to reconsider and is not governed by Rule 59. This is because the ruling did not dispose of all the issues and therefore was interlocutory. As it was interlocutory, there is no judgment to amend or alter. However, Rule 54(b) grants the Court

the power to revise an interlocutory judgment at any time before entry of judgment adjudicating all of the claims between the parties. Such a motion should not give the losing party the chance to merely reargue his losing points and authorities. *Baustian v. State of Louisiana*, 929 F.Supp. 980, 981 (E.D. La. 1996). Therefore, the rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration. *Id*. The moving party bears the burden of showing some error of law or fact by the Court or else new evidence that might make the Court wish to revisit its earlier ruling.

Rule 54(b) contains no prohibition against the consideration of new evidence in deciding this motion. Therefore, the Court will consider the testimony from the September 16, 2011 hearing and the self-styled "Expert Report and Declaration" by Professor Dane Ciolino that was filed along with Defendants' motion.

Defendants have not met their burden in regards to the enforceability of the agreement under the Louisiana Rules of Professional Conduct. They have provided no case law to contradict the Court's previous finding on that issue. See doc. 62 at 3-4. Professor Ciolino's interpretation of the emails and his conclusion is also at odds with the case law.

As to what kind of contract the parties entered into, Plaintiff Pittle proposed a joint venture and Defendant counter-offered a sale. Whether this is called a sale, a joint venture, or an innominate contract, both parties have obligations to each other. A suit over performance of an agreement of this nature is a breach

2

of contract. See *Scurto v. Siegrest*, 598 So.2d 507, 509-10 (La. App. 1 Cir. 1992); *Duer v. Blanchard*, 354 So.2d 192, 194-95 (La. 1978); *Dukes v. Matheny*, 02-652 (La. App. 1 Cir. 2/23/04), 878 So. 2d 517, 519-20.

The Court has found Defendants have not performed. At trial, Plaintiffs will seek to prove to the jury that they performed their obligation. If they do, they will be entitled to recover under the terms of the contract. As the Court has found this particular agreement is not barred by the Rules of Professional Conduct, it is immaterial what kind of contract it is.

## **Conclusion**

Accordingly, the Court DENIES the Motion to Amend and/or Alter (doc. 124).

Signed in Baton Rouge, Louisiana, on January 19, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**